UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRANT ANDERSON,

              Plaintiff,

v.

CADER PUBLISHING LTD., et al.,

              Defendants.

_____/

CIVIL ACTION NO. 02-74217

DISTRICT JUDGE AVERN COHN

MAGISTRATE JUDGE DONALD A. SCHEER

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:**

I recommend that the Court decline to exercise its supplemental jurisdiction over plaintiff's state law claims and dismiss the Complaint, without prejudice.

**II.**    **REPORT:**

    **A.**    **Procedural History**

Plaintiff's six count Complaint was originally filed in the United States District Court for the Western District of Michigan. It was transferred to this Court, as the proper venue, on October 24, 2002. Count I alleged breach of a contract between the parties for the printing and marketing of a book authored by the plaintiff. Counts II through IV asserted state law tort claims relating to Defendants' performance of their obligations under the contract. Count V invoked the doctrine of *respondeat superior.* Count VI alleged involuntary transfer of ownership of a copyright for the purpose of unjust enrichment. The case was referred to the magistrate judge for all pretrial proceedings on May 29, 2003. Defendants filed their Answer and Affirmative Defenses on July 7, 2003. A Pretrial Scheduling Order was issued on August 1, 2003. A period of discovery followed.

Plaintiff filed his Motion for Summary Judgment on December 8, 2003. Defendants filed their Response and a Counter-motion on December 29, 2003.

On March 22, 2004, I recommended that Defendants be granted summary judgment on Count VI of the Complaint. I further recommended that Counts II through IV, inclusive, be dismissed for failure to state a cause of action upon which relief may be granted. I recommended that Count I be dismissed for lack of subject matter jurisdiction. The Court accepted the Report and Recommendation on April 5, 2004, and a Judgment was entered.

On appeal, the Sixth Circuit affirmed the grant of summary judgment on Plaintiff's copyright claim. The Court determined, however, that this Court had original jurisdiction over Plaintiff's copyright claim (Count II) and, therefore, also had supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. §1367(a). Accordingly, all of the state law claims were remanded for this Court's consideration of whether it should exercise or decline supplemental jurisdiction.

**B.    <u>Applicable Law</u>**

28 U.S.C. §1367 provides, in pertinent part, as follows:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

*          *          *

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if -

\*               \*               \*

(3) The district court has dismissed all claims over which it has original jurisdiction . . ..

\*               \*               \*

(d) The period of limitation for any claim asserted under (a) . . ., shall be tolled while the claim is pending and for a period of thirty days after it is dismissed unless state law provides for a longer tolling period.

**C.**    **Analysis**

28 U.S.C. §1367(a) provides that in any case of which a United States District Court has original jurisdiction, it has supplemental jurisdiction over all other claims that are so related to the federal claim that "they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. §1367(a).  Count VI of the Complaint in this case invoked this Court's federal question jurisdiction under 28 U.S.C. §1338(a) by accusing Defendants of violating the Federal Copyright Act.  My earlier Report and Recommendation questioned the sufficiency of Plaintiff's federal claim assertions.  The Court of Appeals, however, has squarely determined that this Court had original jurisdiction over the copyright claim, and that supplemental jurisdiction over the state law claims in Counts I through V, inclusive, of the Complaint could have been exercised.  This case is remanded for this Court's consideration as to whether it should exercise its discretion under 28 U.S.C. §1367(c)(3) to decline supplemental jurisdiction over the state law claims.

3

All of the claims in Plaintiff's Complaint arise from a single commercial transaction between himself and the Defendants. That discrete business relationship involved the printing of a single book authored by the Plaintiff. The Supreme Court's decision in <u>United Mine Workers of America v. Gibbs</u>, 383 U.S. 715 (1966) eliminates any doubt that Anderson's state law claims are well within the scope of judicial power conferred in 28 U.S.C. §1367(a).

> The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is *power* in federal courts to hear the whole.

383 U.S. at 725 (emphasis in original). This Court has held that a loose factual connection with a federal claim is sufficient to support pendent jurisdiction. <u>Mid-State Food Dealers Assoc. v. City of Durand</u>, 525 F.Supp. 387, 393 (E.D. MI 1981).

Notwithstanding the breadth of §1367(a)'s grant of authority, subsection (c) establishes specific grounds upon which a court may decline to exercise it. One of those specifically enumerated circumstances exists when "the district court has dismissed all claims over which it has original jurisdiction . . .." 28 U.S.C. §1367(c)(3). This Court's grant of Summary Judgment to the Defendants on Count VI of Plaintiff's Complaint has been affirmed by the Circuit Court, and the existence of discretion to decline the exercise of supplemental jurisdiction is well recognized in the appellate decision.

The Supreme Court in <u>Gibbs</u> broadly outlined the criteria to be observed by trial courts in deciding whether to employ the power of pendent jurisdiction.

> That power need not be exercised in every case in which it is found to exist. It has consistently been recognized that

4

pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims even though bound to apply state law to them. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. Similarly, if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals.

This Court must assess the values of judicial economy, convenience, fairness and comity in order to decide whether to exercise its pendent jurisdiction over state law claims. "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 (1988). The Courts of this Circuit have generally applied that principle. Schwitzgebel v. City of Strongsville, 898 F.Supp. 1208 (N.D. OH), aff'd, 97 F.3d 1452 (6th Cir.), cert. denied, 522 U.S. 827 (1995); Nash and Assoc., Inc. v. Lum's of Ohio, Inc., 484 F.2d 392, 395-96 (6th Cir. 1973). Similarly, decisions to exercise pendent jurisdiction over state law claims, despite the dismissal of federal claims, are affirmed only where the parties and the court have expended considerable time and expense in litigating the case, or when the federal claims were dismissed late in the process or on the eve of trial. See, Transcontinental Leasing, Inc. v. Michigan Nat'l Bank of Detroit, 738 F.2d 163, 166 (6th Cir.

1984).  In the instant case, minimal discovery was necessary to establish that Plaintiff had no evidence whatever to support his copyright claim.

The resolution of Counts I through V of the Complaint will rest exclusively upon decisions of state law.  The state courts of Michigan are the proper arena for the interpretation, refinement and application of that state's statutory and common law principles, and the Gibbs decision counsels that federal courts should avoid needless participation in those processes as a matter of comity.  Gibbs, 383 U.S. at 726-27. "Federal courts should avoid making decisions of state law when few or no federal issues remain, and no affirmative need for federal jurisdiction exists."  State of Tennessee ex rel Pierotti v. Parcel of Real Property, 937 F.Supp. 1296, 1306 (W.D. TN 1996).  The litigation of this case in a state court will facilitate a more definitive reading of state law.  See Kazor v. General Motors Corp., 585 F.Supp. 621 (E.D. MI 1984).

Since a state court with appropriate jurisdiction over the claims in Counts I - V of the Complaint is located within this judicial district, I conclude that this Court's declination of pendent jurisdiction will have little impact on the issue of convenience to the parties.  The Michigan court system offers the procedures and process necessary to obtain and present the evidence required by the parties to present their respective claims and defenses.

Similarly, I find that the declination of this Court's pendent jurisdiction over the state law claims would be consistent with principles of judicial economy.  This litigation is still in its early stages.  Minimal discovery was necessary to dispose of Plaintiff's sole federal claim, and judgment on that aspect of the case is final.  "In the majority of cases where the proceedings in federal court are still in the early stages, courts have generally dismissed or remanded the state law claims after the elimination of all federal claims, on the ground

6

that there has been no substantial commitment of federal judicial resources." <u>Pierotti</u>, 937 F.Supp. at 1304-05.  Any evidence obtained by the parties in the course of discovery in this Court may be employed by them in prosecuting the case in a state tribunal.  Any additional evidence which may be required is as easily obtained through available state court procedures as it might be in this forum.  Two considerations are generally involved in assessing the issue of judicial economy.  The first is whether the federal court has spent a substantial amount of time on the state law claims.  The second is the amount of time and resources that a state court would be required to expend on work already completed by the federal court.  <u>Id</u>. (citing <u>Moses v. County of Kenosha</u>, 826 F.2nd 708, 711 (7th Cir. 1987).  Because this case remains at an early stage, there will be no significant waste of state or federal effort in declining pendent jurisdiction and allowing the case to be resolved in a state court.

Perhaps the most important consideration in determining whether to exercise supplemental jurisdiction is the fairness of the Court's decision as it relates to the parties.  Of chief concern is whether a decision to decline jurisdiction over the state law claims would deprive either party of any claim or defense.  I am satisfied that it would not.  28 U.S.C. §1367(d) provides that "[t]he period of limitations for any claim asserted under subsection (a), . . . shall be tolled while the claim is pending and for a period of thirty days after it is dismissed unless state law provides for a longer tolling period."  28 U.S.C. §1367(d).  That statute has been upheld as an appropriate exercise of congressional power.  <u>Jinks v. Richland County, S.C.</u>, 538 U.S. 456 (2003).  Accordingly, all of Plaintiff's state law claims will remain viable despite this Court's declination of pendent jurisdiction over them.  Plaintiff need only initiate proceedings in an appropriate state tribunal.  All of

7

the Defendants' legal issues will be similarly protected.  As they are domiciled in Michigan, I can conceive of no inconvenience which would flow to them by reason of the pursuit of Plaintiff's Complaint in a state court.

Another aspect of the concept of fairness is worthy of mention.  As indicated above, the Court of Appeals has determined that Plaintiff's assertion of a copyright violation was sufficiently substantial to vest this Court with original jurisdiction over this action.  While I fully accept that determination, the fact that Plaintiff had not a shred of evidence to support his copyright claim is, in my view, relevant to the question of whether the exercise of pendent jurisdiction is appropriate.  The Supreme Court in <u>Gibbs</u> instructed that the issue of jurisdictional *power* will ordinarily be resolved on the pleadings, but that the issue of whether pendent jurisdiction is properly assumed remains open throughout a litigation.

> For example, it may appear that the plaintiff was well aware of the nature of his proofs and the relative importance of his claims; recognition of a federal court's wide latitude to decide ancillary questions of state law does not imply that it must tolerate a litigant's effort to impose upon it what is in effect only a state law case.  Once it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage, the state claim may fairly be dismissed.

<u>United Mine Workers of America v. Gibbs</u>, 383 U.S. 715, 727 (1966).  Thus, where a "plaintiff's federal claims are rather tenuous and were asserted primarily to open up a federal forum" for what is essentially a contract dispute based entirely upon state law, a sound and compelling reason exists to decline supplemental jurisdiction.  <u>Counsel of Unit Owners v. Recreational Industries, Inc.</u>, 793 F.Supp. 120, 123 (D. MD 1992).  I remain persuaded that Plaintiff's assertion of a copyright violation in this case borders on fraudulent, in view of the total lack of evidence to support his assertion.  Whatever may

have been his motivation for asserting the copyright claim, it was clearly insubstantial in an evidentiary sense, as reflected by this Court's grant of Summary Judgment, and the Court of Appeal's affirmance.  In view of the infirmity of his sole federal claim, the declination of supplemental jurisdiction over his state claims is in order.

### D.   Conclusion

State law issues not only predominate in this action, they are at this stage the sole basis for determination of the case.  Proper regard for issues of comity militates in favor of a declination of pendent jurisdiction and determination of the case by a Michigan court. Those courts are best suited to the application of Michigan law to the facts.  The parties' dispute remains at an early stage, and the presentation of their arguments to a state forum will not violate principles of judicial economy.  Nor is there any reason to conclude that litigation in a state court will be less convenient for any party.  All of the procedures and processes necessary to a fair disposition are available in the Courts of Michigan, and they are fully capable of affording all appropriate remedies.  Plaintiff's assertion of a factually groundless copyright claim was, in my view, an attempt to manipulate the forum, and he should not be permitted to bootstrap his state law contract action into a federal court.  In the absence of any underlying issue of federal policy, this Court should exercise its discretion under 28 U.S.C. §1367(c) and dismiss the Complaint without prejudice.

### III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file

specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED:  June 30, 2006

**Proof of Service**

The undersigned certifies that a copy of the foregoing report and recommendation was served on the attorney of record and the plaintiff  herein by electronic means and/or U.S. Mail on **June 30, 2006**.

s/Kim Grimes
Acting in the absence of
Mike Lang, Case Manager